1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11 | FRANCISCO AGUIL,

No.  1:21-cv-01666-JLT-SKO (HC)

12 |          Petitioner,

ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS
(Doc. 14)

13

14 |     v.

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS, DIRECTING CLERK OF
COURT TO ENTER JUDGMENT AND
CLOSE CASE

15 | R.P. NOMAN,

16 |          Respondent.

ORDER DECLINING TO ISSUE
CERTIFICATE OF APPEALABILITY

17

18

19       The assigned magistrate judge issued Findings and Recommendations to deny the petition

20 on its merits.  (Doc. 14.)  The Court served those Findings and Recommendations on the parties,

21 which contained notice that any objections thereto were to be filed within thirty days after

22 service.  (*Id.* at 15.)  No objections have been filed, and the deadline to do so has expired.

23       In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court conducted a *de*

24 *novo* review of the case.  Having carefully reviewed the entire file, the Court concludes the

25 Findings and Recommendations are supported by the record and proper analysis.

26       In addition, the Court declines to issue a certificate of appealability.  A state prisoner

27 seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of

28 his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537

1

U.S. 322, 335-336 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)      In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)      There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)      (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court declines to issue a certificate of appealability.

Accordingly, the Court **ORDERS**:

2

1.    The Findings and Recommendations issued on February 11, 2022 (Doc. 14), are
      adopted in full.

2.    The petition for writ of habeas corpus is denied with prejudice.

3.    The Clerk of Court is directed to enter judgment and close the case; and

4.    The Court declines to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

   Dated:   **March 28, 2022**

UNITED STATES DISTRICT JUDGE

3